CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 17 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL ADAM ROBINSON, | Civil Action No. 7:13CV00479 |
| Plaintiff, | |
| | **MEMORANDUM OPINION** |
| v. | |
| | By: Hon. Glen E. Conrad |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | Chief United States District Judge |
| Defendant. | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Paul Adam Robinson, was born on March 23, 1955, and eventually completed his high school education. Mr. Robinson has worked as an institutional commercial cleaner and as a personal assistant. He last worked on a regular and sustained basis in 2008. On February 2, 2010, Mr. Robinson filed an application for a period of disability and disability insurance benefits. In filing his claim, Mr. Robinson alleged that he became disabled for all forms of substantial gainful employment on January 15, 2010, due to heart disease, arthritis, and psoriasis. He now alleges that he has remained disabled to the present time. The record reveals

that Mr. Robinson met the insured status requirements of the Act at all times covered by the final decision of the Commissioner. See, gen., 42 U.S.C §§ 416(i) and 423(a).

Mr. Robinson's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated May 21, 2012, the Law Judge also determined that Mr. Robinson is not disabled. The Law Judge found that Mr. Robinson suffers from several severe impairments, including "valvular heart disease, status-post 2 valve replacements; psoriatic arthritis; osteoarthritis/ degenerative joint disease; degenerative disc disease of the cervical spine; and psoriasis." Tr. 14. Nevertheless, the Law Judge determined that Mr. Robinson retains the residual functional capacity to perform a limited range of light exertional activity. The Law Judge assessed Mr. Robinson's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except that the claimant cannot crawl or climb ladders, ropes, and scaffolds. The claimant should avoid extreme temperatures and should have no concentrated exposure to hazards.

Tr. 15.[1] Given such a residual functional capacity, and after considering testimony from a vocational expert, the Law Judge determined that Mr. Robinson retains sufficient functional capacity to return to his past relevant work as a personal assistant. Accordingly, the Law Judge ultimately concluded that Mr. Robinson is not disabled, and that he is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(f).

Mr. Robinson then sought review by the Social Security Administration's Appeals Council. In connection with his request for review, Mr. Robinson submitted additional evidence,

---

[1] In determining that Mr. Robinson retains the capacity to perform a limited range of light work, the Law Judge rejected the findings of Dr. Robert Stephenson, who, at Mr. Robinson's request, performed a consultative examination after the administrative hearing. Dr. Stephenson's report indicated that Mr. Robinson is not capable of performing light work or a full range of sedentary work.

2

including a July 2, 2012 opinion letter from Dr. Thomas A. Donohue, who has been Mr. Robinson's cardiovascular surgeon since 1994. In the letter, Dr. Donahue described Mr. Robinson's heart condition, his valve replacement surgeries, and the effect that his heart condition has on Mr. Robinson's energy level and tolerance for activity. At the close of the letter, Dr. Donahue specifically opined that Mr. Robinson is "totally disabled." Tr. 617.

The Appeals Council ultimately denied Mr. Robinson's request for review and adopted the Law Judge's opinion as the final decision of the Commissioner. In so doing, the Appeals Council noted that it had "considered" Dr. Donahue's letter. Tr. 1. However, the Appeals Council concluded, without further explanation, that "this information does not provide a basis for changing the Administrative Law Judge's decision." Tr. 2. Having exhausted all available administrative remedies, Mr. Robinson has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record, the court finds "good cause" to remand the case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g). In reaching this decision, the court is guided by the United States Court of Appeals for the Fourth Circuit's decision in Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011). In Meyer, the claimant alleged that he

3

was disabled from injuries he suffered after falling out of a deer stand, which required that he undergo surgery on his back. Id. at 702. In denying his claim for disability benefits, the Administrative Law Judge emphasized that the record lacked "restrictions placed on the claimant by a treating physician." Id. at 707. Meyer subsequently obtained an opinion letter from the physician who performed his back surgery, which described Meyer's back injury, and set forth a number of resulting functional limitations. Id. at 703. The Appeals Council considered the letter, but found that it did not provide a basis for changing the Law Judge's decision. Id. at 704. Given these circumstances, and based on its review of the record, the Fourth Circuit ordered a remand under sentence four of 42 U.S.C. § 405(g), so that the Law Judge could consider and determine the import of the new opinion letter:

> On consideration of the record as a whole, we simply cannot determine whether substantial evidence supports the ALJ's denial of benefits here. The ALJ emphasized that the record before it lacked "restrictions placed on the claimant by a treating physician," suggesting that this evidentiary gap played a role in its decision. Meyer subsequently obtained this missing evidence from his treating physician. That evidence corroborates the opinion of [a physician who performed an independent occupational evaluation at the claimant's request], which the ALJ had rejected. But other record evidence credited by the ALJ conflicts with the new evidence. The Appeals Council made the new evidence part of the record but summarily denied review of the ALJ decision. Thus, no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance. Therefore, we must remand the case for further fact finding.

Id. at 707.

In this case, as in Meyer, the Law Judge found it "significant that none of [Mr. Robinson's] treating doctors ha[d] placed limitations on [him] or stated that he is permanently unable to work. Tr. 18 (emphasis in original). Mr. Robinson subsequently obtained such an opinion from his

4

cardiovascular surgeon, Dr. Donahue.[2] Dr. Donahue's opinion is seemingly consistent with some of the evidence that the Law Judge rejected, but conflicts with other evidence credited by the Law Judge. Although the Appeals Council considered this new evidence, it summarily denied review of the Law Judge's decision. Because "no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record," and since this court cannot make such findings in the first instance, the court must remand the case for further consideration. Meyer, 662 F.3d at 707.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development, including consideration of the new evidence submitted during the period between the issuance of the Administrative Law Judge's opinion and the adoption of such opinion as the final decision of the Commissioner by the Social Security Administration's Appeals Council. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record as supplemented by the new evidence, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion to the plaintiff and all counsel of record.

ENTER: This 17th day of October, 2014.

*[signature]*

Chief United States District Judge

---

[2] The court recognizes that Dr. Donahue had last examined Mr. Robinson a few years before the opinion letter was written. However, the same was true in Meyer. See Meyer v. Colvin, 754 F.3d 251, 253 (4th Cir. 2014) (noting, in a subsequent decision regarding Meyer's claim for attorney's fees, that the treating physician who provided the new opinion letter that was submitted to the Appeals Council "had not treated Meyer in the last two years"); see also id. at 257 ("At every stage, in every brief, the Commissioner argued that Dr. Bailey's letter was of limited utility given that the doctor last examined Meyer years before his letter . . . .").

5